# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALEX LOPEZ, et al.,

    Plaintiffs,

v.

GAV KWOK, et al.,

    Defendants.

Case No. 2:25-cv-01033-GMN-NJK

**Order**

Pending before the Court is the order requiring Defendant Freedom Isle LLC to retain counsel by September 15, 2025. Docket No. 8; *see also* Docket No. 6.

**I.  BACKGROUND**

On July 1, 2025, the Court ordered Defendant Freedom Isle LLC to retain licensed counsel to represent it in this case and enter an appearance no later than August 1, 2025. Docket No. 6. The Court explained that Defendant Kwok's appearance as an authorized representative for Defendant Freedom Isle LLC is in violation of the law requiring a corporation to appear through licensed counsel. *Id.* Further, the Court explained that failure of an appearance of licensed counsel on behalf of Defendant Freedom Isle LLC may result in sanctions. *Id.* On July 22, 2025, Defendant Freedom Isle LLC, through Defendant Kwok, requested an extension of 90 days to retain licensed counsel. Docket No. 7. That motion proffered that Defendant Kwok, on behalf of Defendant Freedom Isle LLC, has contacted "approximately 12 law firms," sought "paid consultations to discuss the case," and explored "options for Limited Scope Representation agreements to reduce the financial burden." *Id.* at 1. On July 28, 2025, the Court granted the motion in part, affording Defendant Freedom Isle LLC until September 15, 2025, to retain licensed counsel and have counsel enter an appearance. Docket No. 8.

## II. STANDARDS

"A corporation may appear in federal court only through licensed counsel." *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel"). The Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel. *See High Country Broadcasting Co.*, 3 F.3d at 1245 (explaining that entry of default judgment against a corporate defendant without counsel was "perfectly appropriate").

## III. ANALYSIS

Defendant Freedom Isle LLC has now had nearly three months to retain licensed counsel, but has not complied with the orders to do so. Rather than meet the most recent deadline, Defendant Freedom Isle LLC asks (along with the other parties) that its obligation to retain counsel be stayed pending a settlement conference presided over by a magistrate judge or pending private mediation. *See* Docket No. 12 at 1. As to the former, no explanation has been advanced as to why participating in a judicially facilitated settlement conference would not constitute "appear[ing] in federal court" without an attorney. As to the latter, no explanation is provided as to how the potential for private mediation warrants continued delay from complying with the twice-ordered requirement to obtain counsel in this case. Moreover, in an order issued concurrently herewith, the Court is denying the request to stay discovery pending a settlement conference or private mediation. In short, the Court is not persuaded that Defendant Freedom Isle LLC should be afforded relief from the basic requirement that a corporation must retain licensed counsel to appear in federal court.

## IV. CONCLUSION

Defendant Freedom Isle LLC is once again **ORDERED** to retain licensed counsel to represent it in this case. Said counsel must enter an appearance no later than October 15, 2025. The Court is not inclined to extend this deadline further given the extensive amount of time already

provided.  Moreover, Defendant Freedom Isle LLC is again **WARNED** that failure to comply with this order may result in dispositive sanctions.

IT IS SO ORDERED.

Dated: September 17, 2025

Nancy J. Koppe
United States Magistrate Judge

3