# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALEX LOPEZ, et al., <br>     Plaintiffs, <br> v. <br> GAV KWOK, et al., <br>     Defendants. | Case No. 2:25-cv-01033-GMN-NJK <br> **Order** <br> [Docket No. 16] |

Pending before the Court is a joint response to the Court's orders of September 17, 2025, and joint request pursuant to Local Rule 16-5, which the Court construes as a motion for clarification.[1] Docket No. 16; *see also* Docket No. 15.

On September 17, 2025, the Court entered orders granting in part and denying in part a joint discovery plan and scheduling order, *see* Docket No. 13, denying without prejudice a joint motion to stay discovery, *see* Docket No. 14, and ordering Defendant Freedom Isle LLC to retain licensed counsel to represent it in this case and have said counsel enter an appearance no later than October 15, 2025. *See* Docket No. 15. The Court previously explained that "no explanation has been advanced as to why participating in a judicially facilitated settlement conference would not constitute 'appear[ing] in federal court' without an attorney." Docket No. 15 at 2. Additionally, "the Court is not persuaded that Defendant Freedom Isle LLC should be afforded relief from the basic requirement that a corporation must retain licensed counsel to appear in federal court." *Id.*

In the instant motion, Plaintiffs and Defendant Kwok, in his individual capacity, request "that the Court assign a Magistrate Judge from this District to conduct a court-overseen settlement conference with the parties," pursuant to Local Rule 16-5. Docket No. 16 at 2. Further, these parties submit that "the plaintiffs are willing to have the Local Rule 16-5 settlement conference

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

[conducted] solely between the plaintiffs and [Defendant] Kwok, so that there is no concern that Freedom Isle is participating in a Court-overseen settlement conference without counsel." *Id.* Additionally, the parties contend that, "with respect to the Rule 26(f) conference, the threshold impediment has been that the corporate defendant Freedom Isle LLC has not yet been able to retain counsel." *Id.*

Defendant Freedom Isle LLC must retain licensed counsel to represent it in this case, including in any judicially-facilitated settlement conference pursuant to Local Rule 16-5. The deadline for said counsel to enter an appearance is October 15, 2025. *See* Docket No. 15. Informal settlement discussions may take place directly between the parties and need not involve the Court.

Accordingly, the motion for clarification is **DENIED**. Docket No. 16. Further, Defendant Freedom Isle LLC is once again **WARNED** that failure to comply with the Court's orders may result in dispositive sanctions.

IT IS SO ORDERED.

Dated: September 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge